```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESTHER MOTTA, et al.,                                       :
                                                            :
                                   Plaintiffs,              :
                                                            :
              -against-                                     :
                                                            :
GLOBAL CONTRACT SERVICES INC., et al.,                      :
                                                            :
                                   Defendants.              :
------------------------------------------------------------X
                                                            :
JOY JOSEPH, et al.,                                         :
                                                            :
                                   Plaintiffs,              :
                                                            :
              -against-                                     :
                                                            :
                                                            :
GLOBAL CONTRACT SERVICES INC., et al.,                      :
                                                            :
                                   Defendants.              :
------------------------------------------------------------X
```

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 04/21/2016 |

15 Civ. 8555 (LGS)

15 Civ. 8892 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiffs, current and former telephone call center representatives of Global Contract Services Inc. ("GCS"), filed two lawsuits against GCS, GCS Supervisor Sean Worme, the New York City Transit Authority ("NYCTA") and the Metropolitan Transportation Authority ("MTA") for Defendants' alleged employment discrimination, sexual harassment, and retaliation. Before the Court is a motion brought by the NYCTA and the MTA to dismiss the claims against them in both actions under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is GRANTED.

## I.  BACKGROUND

The following facts are taken from the operative complaints in both cases, and are assumed to be true for the purposes of this motion. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

NYCTA/MTA runs Access-A-Ride, a paratransit bus and taxi program which provides transportation to disabled persons.  In December 2012, NYCTA, with the concurrence of MTA, awarded a contract to GCS to operate the paratransit call center.  GCS operates the Access-A-Ride Call Center (the "Call Center") in Queens, New York.

Over 95% of the call center's agents are black and Hispanic women, the majority of whom were hired through a program designed to help individuals receiving welfare return to the work force.  Agents are paid $9 per hour during the first ninety days of their employment, with an increase to $11 per hour in most cases thereafter.  These wages are lower than those proposed by GCS to NYTCA/MTA in a request for proposal that Plaintiffs allege formed the basis for the GCS contract.  The rates GCS pays are also "far below the call center industry standard in New York."

Plaintiff Esther Motta, a Hispanic woman who has worked at GCS since 2013, complained about her discriminatory pay to her supervisors at GCS.  After she "spoke up about the discriminatory pay, and requested a pay increase, she was either disciplined for unrelated arbitrary matters or moved to less desirable assignments to keep her quiet."  Plaintiff Sandra Lennon, who had worked at the call center before GCS was awarded the contract, was "terminated for baseless reasons" after complaining about her discriminatory pay.

Within the same call center, Plaintiffs in the *Joseph* action allege ongoing sexual harassment and retaliation against Call Center employees.  The *Joseph* complaint alleges that over 40% of the female workforce was sexually harassed by a supervisor, Defendant Sean Worme, and other unidentified supervisors.  The complaint further alleges that the GCS supervisors' "behavior has created a hostile work environment for all of the female workforce in that those who succumb to their sexual advances are visibly favored over those who do not."

The *Joseph* complaint contains allegations of two women, Plaintiffs Joy Joseph and Tramayne Murphy, who both were allegedly harassed by Worme and then either terminated or forced to resign after complaining of the harassment.

Relevant to this motion, Plaintiffs in both actions sue the NYCTA and the MTA for their roles in "aiding and abetting" the discriminatory actions alleged. The *Motta* complaint asserts claims against NYCTA/MTA under the New York State Human Rights Law, N.Y. Exec. Law § 290, et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"), for "condoning the actions of its contractor." Similarly, the *Joseph* complaint asserts claims under city and state law for aiding and abetting GCS's actions.

On January 12, 2016, the NYCTA and the MTA filed the instant motion to dismiss.[1]

## II.  STANDARD

"On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn*, 795 F.3d at 306. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015) (internal quotation marks and alteration omitted). "'[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nonetheless take the document into

---

[1] A separate order will address the motion to dismiss filed by GCS.

consideration in deciding the defendant's motion to dismiss . . . ." *Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 71 (2d Cir. 1995) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).  The NYCTA and the MTA attached as exhibits to their brief relevant excerpts from the contract awarded to GCS, which may be considered for the purposes of this motion.

## III.   DISCUSSION

Plaintiffs fail to plead a colorable claim against the NYCTA or the MTA for aiding and abetting liability under the NYSHRL or the NYCHRL.

In relevant part, NYCHRL section 8-107(1) makes it unlawful "[f]or an employer or an employee or agent thereof" to discriminate against someone based on that person's "age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status."  NYCHRL § 8-107(1).  The NYSHRL contains a similar prohibition.  *See* NYSHRL § 296(1).  Both statutes make it unlawful to "aid, abet, incite, compel or coerce" discrimination.  NYSHRL § 296(6); NYCHRL § 8-107(6).  Assuming that discriminatory conduct occurred, a person may be liable for aider and abettor liability if he "actually participates in the conduct giving rise to a discrimination claim."  *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) (internal quotation marks omitted).  "The same standards of analysis used to evaluate aiding and abetting claims under the NYSHRL apply to such claims under the NYCHRL because the language of the two laws is 'virtually identical.'"  *Id.*

The NYCTA and the MTA are not Plaintiffs' employers or supervisors, and do not otherwise exercise control over Plaintiffs' workplace.  Instead, Plaintiffs argue that the NYCTA and the MTA "actually participated" in the alleged discrimination.  Plaintiffs assert that the contract with GCS "affirmatively requir[ed] GCS to pay Plaintiffs (Agents at GCS) between

4

$14.11 and $15.05 an hour," and to comply with all applicable laws, including those prohibiting employment discrimination. According to Plaintiffs, "MTA/NYC . . . utterly repudiated all responsibility when GCS squarely breached these Contract terms," and "allowed GCS's discriminatory conduct in breach of the Contract to continue despite the fact that Plaintiffs complained directly to MTA/NYCTA."

Plaintiffs' attempt to recast the alleged inaction on the part of the NYCTA and the MTA as "actual participation" is unavailing. Neither complaint contains any allegation of these defendants' direct involvement in GCS's discriminatory pay practices, sexual harassment or retaliation. The NYCTA's and the MTA's alleged failure to take steps to correct or address accusations of discrimination against one of their contractors is insufficient to plead actual participation, as required under governing state and city law. *See, e.g.*, *Hargett v. Metro. Transit Auth.*, 552 F. Supp. 2d 393, 408 (S.D.N.Y. 2008) (dismissing claim where "plaintiff alleges only that the defendants failed to take an action with respect to his complaints, without alleging any facts tending to suggest that they were actually required to do so").

Nothing in the contract with GCS creates a duty for the NYCTA or the MTA to act on behalf of Plaintiffs to ensure GCS's compliance with the contractual terms. Even accepting that the Access-A-Ride contract with GCS prohibits GCS from engaging in unlawful discrimination against its employees, Plaintiffs have not pleaded any contractual provision -- and the Court has found none -- that would impose on the NYCTA or the MTA an affirmative duty to remedy such conduct.

Because Plaintiffs have failed to allege that the NYCTA or the MTA actually participated in discriminatory conduct in violation of state or city law, their claims against these defendants are dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the motion to dismiss is GRANTED.  The Clerk of Court is directed close the motions at Dkt. No. 28 (15 Civ. 8555) and Dkt. No. 24 (15 Civ. 8892), and to terminate the New York City Transit Authority and the Metropolitan Transit Authority as defendants in the above-captioned cases.

SO ORDERED.

Dated: April 21, 2016
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6